

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINGALE INVESTMENTS, LLC,<br><br>           Plaintiff,<br><br>     vs.<br><br>WADE L. JOHNSON; DOES 1-10,<br><br>           Defendants. | CASE NO. CV 13-1753 UA (RZ)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court because it was removed improperly.

On March 12, 2013, Defendant Wade L. Johnson, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff Martingale Investments, LLC could not have brought this action in federal court in the first place. Neither diversity jurisdiction nor federal-question jurisdiction exists, and therefore Defendant is not allowed to remove the action. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563,

125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Defendant indicates in his Notice that diversity juridiction applies. Such is not borne out by the record, however, for two independent reasons. First, the parties are not diverse in citizenship. Defendant states that he is a California citizen, which is sound. Not so sound, however, is his assertion that "Plaintiff is incorporated in a state other than California and its principal places of business are located in states other than California. Thus, Plaintiff is not a citizen of California." Defendant plainly believes Plaintiff is a corporation, but Plaintiff is actually a limited liability company. For diversity-jurisdiction purposes, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff's members' citizenship is not stated in the removal notice. The Court takes judicial notice, based on public records of the California Secretary of State, that Plaintiff is registered as a "domestic," i.e., California, business entity with an office in El Segundo, California. Second, even if diversity of citizenship existed, the amount in controversy in the removed action does not exceed the jurisdictional threshold of $75,000. Although Defendant insists otherwise, Plaintiff's unlawful-detainer complaint bears a caption indicating that the amount in controversy does not exceed $10,000. Finally, because Defendant resides in the forum state, Defendant cannot properly remove the action, at least to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b).

Nor does Plaintiff's unlawful detainer action raise any federal legal question. Defendant does not argue otherwise. "For better or for worse . . . a defendant may not remove a case to federal court" based on a federal question "unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Etc.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (emphasis in original).

///

///

///

1  Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
2  Superior Court of California, Los Angeles County, for lack of subject matter jurisdiction
3  pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to
4  the state court; and (3) that the Clerk serve copies of this Order on the parties.
5  IT IS SO ORDERED.
6  DATED: 3/19/13

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE